# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANTHIUM, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N18L-09-044 ALR |
| | ) | |
| LOUISE SHELTON, as personal | ) | |
| representative of the ESTATE OF | ) | |
| JOSEPH WOOD, TANYA R. | ) | |
| GLASCO, heir, REGINALD L. | ) | |
| HARRIS, heir, IRA D. JONES, heir, | ) | |
| TIFFANY L. MATTHEWS, heir, | ) | |
| STACEY MCBALL, heir, LOUISE | ) | |
| SHELTON, heir, ANNETREA L. | ) | |
| WILKINS, heir, JOSEPH A. WOOD, | ) | |
| heir, MYRACLE WOOD, heir, | ) | |
| TIANNA S. WOOD, heir, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: August 10, 2020
Decided: August 14, 2020

***Upon Plaintiff's Motion for Relief from Prior Order Pursuant to Rule 60***
**DENIED AS MOOT**

***Upon Plaintiff's Renewed Motion for Summary Judgment***
**GRANTED**

## MEMORANDUM OPINION

Christopher Isaac, Esquire, Margaret Manning, Esquire, Alba Law Group, Newport, Delaware, Attorney for Plaintiff.

Reginald L. Harris, Self-Represented Litigant.

**Rocanelli, J.**

This *scire facias sur* mortgage action is before the Court on Plaintiff Anthium, LLC's Rule 60 motion for relief from prior order and renewed motion for summary judgment. This Court previously denied without prejudice Plaintiff's original motion for summary judgment, finding Plaintiff had failed to meet its burden of showing no dispute of material fact. Specifically, the Court found that Plaintiff failed to produce evidence showing Plaintiff's satisfaction of several contractual requirements upon which Plaintiff's right to foreclose is conditioned. Plaintiff has submitted with the instant motions documents which purport to show Plaintiff's compliance with those contractual requirements. Defendant Reginald L. Harris ("Harris") opposes both motions.

## FACTUAL BACKGROUND

Harris is an heir of Joseph Wood. In 2007, Joseph Wood and Bridgette D. Hall ("Bridgette Hall") executed a home loan with Citifinancial, Inc. ("Citifinancial"). To secure the loan, Joseph Wood executed a mortgage which granted a first priority lien on the subject property. Joseph Wood is the sole mortgagor listed on the mortgage.

The mortgage contains various covenants, including that Joseph Wood would make timely payments on the loan and that failure to make timely payments would constitute a breach entitling Citifinancial to accelerate the sums due and foreclose on the mortgage after providing notice and an opportunity to cure. Under the

2

mortgage, the post-breach notice must specify (1) the breach; (2) the action required to cure the breach; (3) a date, not less than 10 days from the notice date, by which the breach must be cured; and (4) that a failure to cure the breach by the specified date may result in acceleration of the loan sums, judicial foreclosure, and sale of the property. The mortgage also provides that its covenants and rights would bind and inure to the parties' successors and assigns.

Joseph Wood died without a will on December 14, 2012. Pursuant to Delaware's intestate succession laws, Joseph Wood's wife, Bridgette Wood, received a life estate in the property and Joseph Wood's heirs received future interests.[1] In September 2015, Citifinancial assigned the mortgage to Citifinancial Servicing, LLC, which then assigned the mortgage to Bayview Loan Servicing, Inc. ("Bayview"). Meanwhile, Joseph Wood's estate and/or Bridgette Wood defaulted on the mortgage by failing to make payments on the loan. Bridgette Wood died in

---

[1] *See* 12 *Del. C.* § 502. While the parties agree as to this application of Delaware's intestate succession laws, neither party cites to specific statutory authority. Moreover, neither party indicates whether any of Joseph Wood's surviving issue were also issue of Bridgette Wood, which is relevant to the distribution of a decedent's intestate estate. *See id.* § 502(3), (4). Upon review of the relevant statutory authority, the Court is satisfied that the interests in the property distributed according to the parties' representations, regardless of whether Joseph Wood's surviving issue were issue of Bridgette Wood as well. *See id.* § 502(3) (providing the surviving spouse a life estate in intestate real estate when all surviving issue are issue of the surviving spouse); *id.* § 502(4) (providing the surviving spouse a life estate in intestate real estate when one or more surviving issue are not issue of the surviving spouse).

3

February 2018, at which time Joseph Wood's heirs acquired possessory interests in the property.[2]  During the pendency of this action, Bayview assigned the mortgage to Atlantica, LLC, which then assigned the mortgage to Plaintiff.

## PROCEDURAL HISTORY

Plaintiff filed this action on September 9, 2018, and the writ for service of process was posted on the subject property on October 3, 2018, with a notation by the Sheriff that the property appeared to be occupied.  Shortly thereafter, Harris filed an Answer and a motion to dismiss to which Plaintiff filed a response in opposition. In the meantime, there were some successful and other unsuccessful efforts to serve process on other Defendants.  On January 8, 2019, the Court heard oral argument on Harris's motion to dismiss, at which Defendants Harris and Louise Shelton appeared.  The Court stayed the action as the result of the presentations.

Plaintiff's efforts to serve process continued, but the docket reflects the last effort to serve process was February 2019.  No defendants other than Harris and Shelton have appeared in this action.[3]

---

[2] The parties agree that Joseph Wood's heirs acquired possessory interests in the property upon Bridgette Wood's death but cite no legal authority for this proposition. Upon review of applicable Delaware law, the Court is satisfied that Joseph Wood's heirs acquired possessory interests in the property upon Bridgette Wood's death. *See* 12 *Del. C.* § 503(1) ("The part of the intestate estate not passing to the surviving spouse . . . passes . . . [t]o the issue of the decedent, per stirpes . . . .").

[3] Although she has not formally appeared in this action, Defendant Tianna S. Wood filed an affidavit on August 10, 2020, attesting that she was the original

The stay was lifted by Order dated May 21, 2019. Plaintiff filed a motion for summary judgment thereafter. Following full briefing on both pending motions by Plaintiff and Harris, the parties were informed that Harris's motion to dismiss was converted to a motion for summary judgment and the parties were afforded additional time to supplement the record.

By Memorandum Opinion dated December 4, 2019, the Court denied both motions for summary judgment without prejudice.[4] With respect to Plaintiff's motion for summary judgment, the Court found that Plaintiff failed to produce evidence of its compliance with the mortgage's notice and opportunity-to-cure provisions.[5] Because the mortgage conditions Plaintiff's right to foreclose on Defendants' failure to cure the breach "on or before the date specified in the notice," this Court found that Plaintiff did not meet its initial burden of showing no genuine issue as to any material fact and denied Plaintiff's motion without prejudice.[6]

On February 19, 2020, Plaintiff filed the instant Rule 60 motion. The Court requested a response from Defendants and set a hearing date of April 7, 2020. However, on March 12, 2020, Delaware Governor John C. Carney declared a state of emergency due to COVID-19 ("Declaration"), prompting postponement of the

---

administrator of Joseph Wood's estate and did not receive notice of the default. *See* D.I. 74 (Trans. ID 65838802).

[4] *See Anthium, LLC v. Shelton*, 2019 WL 6606353, at *4 (Del. Super. Dec. 4, 2019).

[5] *See id.* at *3.

[6] *Id.*

April 7 hearing. In the meantime, Harris, who is currently incarcerated with limited access to the facility's law library as a result of COVID-19 restrictions, requested an extension of time to respond to Plaintiff's Rule 60 motion. The Court granted the extension until June 1, 2020. On March 24, 2020, the Governor modified the Declaration by, among other things, extending all deadlines in residential mortgage foreclosure actions commenced prior to the Declaration until "the 31st day following the termination of the state of emergency."[7]

Plaintiff filed its renewed motion for summary judgment on June 24, 2020, citing Harris's failure to file a response to Plaintiff's Rule 60 motion. Several days later, on June 30, the Governor again modified the Declaration, lifting any stays of deadlines in residential mortgage foreclosure actions resulting from the Declaration, "unless the court determines that a longer period is necessary in the interest of justice."[8] By Order dated July 13, 2020, the Court extended Harris's deadline for responding to Plaintiff's Rule 60 motion to August 12, 2020, finding the extension

---

[7] Sixth Modification of the Declaration of a State of Emergency for the State of Delaware Due to a Public Health Threat 7–8 (Mar. 24, 2020), *available at* https://governor.delaware.gov/wp-content/uploads/sites/24/2020/03/Sixth-Modification-to-State-of-Emergency-03242020.pdf

[8] Twenty-Third Modification of the Declaration of a State of Emergency for the State of Delaware Due to a Public Health Threat 11 (June 30, 2020), *available at* https://governor.delaware.gov/wp-content/uploads/sites/24/2020/06/Twenty-Third-Modification-to-State-of-Emergency-06302020.pdf.

necessary in the interests of justice.[9]  The July 13 Order also set Harris's deadline for responding to the renewed motion for summary judgment as August 12.

Harris filed a response to both motions on August 10, 2020.  Defendants Louise Shelton and Tianna Wood filed affidavits on August 10, 2020.

## DISCUSSION

The exhibits submitted with Plaintiff's motions show that Plaintiff complied with the notice and opportunity-to-cure provisions.  Specifically, the exhibits show that Plaintiff, on November 6, 2017, sent notices by mail which inform Defendants (1) of the default and specific missed payments; (2) how to cure the default; (3) that the default must be cured within 45 days from the date of the notice; and (4) that failure to cure the default would result in an acceleration of the sums owed.[10]  The exhibits therefore show that Plaintiff satisfied its obligations under the notice and opportunity-to-cure provisions.[11]  As noted in the Court's December 4, 2019 Memorandum Opinion, it is undisputed that Defendants defaulted on the mortgage.[12] Therefore, on this record, there is no longer a dispute as to any material facts and Plaintiff is entitled to judgment as a matter of law.

---

[9] *See* Order 3, July 13, 2020, D.I. 72 (Trans. ID 65763638).
[10] *See* Mot. Relief Prior Order Pursuant Rule 60 Ex. B, D.I. 65 (Trans. ID 64738919).
[11] *See* Compl. Ex. A, at 5, D.I. 1 (Trans. ID 62470869).
[12] *Anthium, LLC*, 2019 WL 6606353, at *3 ("Plaintiff correctly states that Defendants' breach is not disputed.").

The Court's December 4, 2019 Memorandum Opinion denied Plaintiff's original motion for summary judgment without prejudice to Plaintiff's right to move for summary judgment at a later date. Having found summary judgment in favor of Plaintiff to be proper, the Court shall deny Plaintiff's motion to vacate the prior order as moot.[13]

**NOW, THEREFORE, this 14th day of August 2020, Plaintiff's renewed motion for summary judgment is hereby GRANTED and judgment shall enter in favor of Plaintiff and against Defendants. Plaintiff's motion to vacate the Court's prior Order is DENIED AS MOOT.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
**The Honorable Andrea L. Rocanelli**

---

[13] In addition, because the Court denied Plaintiff's original motion for summary judgment without prejudice, there is no order to relieve Plaintiff from.